BENÍTEZ SUGAR COMPANY, APPELLANT, *v.* REGISTRAR OF
HUMACAO, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing
to Record a Contract for Agricultural Financing.

No. 331.—Decided November 27, 1917.

AGRICULTURAL CONTRACT—RECORD OF TITLE—LEASE.—Although according to section 14 of Act No. 37 of March 10, 1910, relating to agricultural financing and milling of sugar cane, a previous record of the property in the registry of property is not required, it is essential that, among other things, the tenant should justify his tenancy in some way. Therefore, in the present case the public instrument explaining and ratifying the private contract for agricultural financing and milling of sugar cane, in which the tenant stated that he held as lessee also by private contract, is not recordable for failure to show that this contract really existed.

The facts are stated in the opinion.

*Mr. Francisco González* ·for the appellant.

The respondent appeared by brief *pro se.*

Mr. Justice Wolf delivered the opinion of the court. ·

On December 30, 1916, Oliver Shaw and the Benítez Sugar Company entered into a contract for planting, and milling sugar cane and financing the crop, which contract was set out in a private instrument of the same date. In the said instrument there was inserted also a private contract of lease between Práxedes Brignoni, the owner of the land on which the sugar cane was to be grown, and Shaw, who contracted with the Benítez Sugar Company.

On June 12, 1917, José J. Benítez Díaz, as president of the Benítez Sugar Company, and Shaw and his wife, Inés Brignoni, in her own right, appeared before Notary Francisco González Fagundo, of Humacao, and explained and ratified the contract of December 30, 1916, by executing deed No. 159, to which was attached the private instrument referred to.

When these papers were presented in the Registry of Humacao, record was denied for the following reasons:

"The contract contained in this instrument is denied admission to record because neither the ownership of the property by Práxedes Brignoni nor the lease by Oliver Shaw has been authentically proved * * *."

Appellant maintains that, in accordance with section 14 of Law No. 37 of March 10, 1910, the previous inscription of the property sought to be effected is not required. The section referred to is as follows:

"No title or document which has not been previously recorded in the registry of property or in the registry of contracts for agricultural purposes, shall prevail against a title recorded pursuant to this Act.

"The provisions of the Mortgage Law, .in so far as not in conflict with the provisions of this Act, shall be applicable to entries and marginal notes made in the 'Registry for Contracts for Agricul-

tural Purposes;' but in no case the former registration of the property in the registry of property shall be required for the purpose of making such entries."

We say today in the case of *Fajardo Sugar Company* v. *Registrar of Humacao, post,* p. 813, that where the owner offers the contract for record such record must be made following the letter of the law.

The contention of appellant might prevail if the owner of a piece of land was the real party in interest, and perhaps the registrar would not be justified in refusing a record if a person duly showed that he was a tenant of one who purported to be the owner, especially if the tenant also alleged that such owner had no recorded title.

None of these questions really arise in this case, because no such deed was presented. All that came before the registrar was a private writing, subsequently ratified in a deed, wherein Oliver Shaw himself said that he was a tenant of Práxedes Brignoni, and he, Oliver Shaw, copied in said private writing the lease to himself from said Práxedes Brignoni. The latter did not appear before the notary to ratify the contract of lease.

Under these conditions, the decision of this court in the case of *Porto Rican Leaf Tobacco Company* v. *Registrar of Guayama,* 24 P. R. R. 831, is applicable. There we held:

"It is true that under the provisions of section 14 of Act No. 37 of March 10, 1910, which section was not amended by Act No. 59 of March 9, 1911, in order to record agricultural contracts in the registry created for that purpose it is not necessary that the property should be first recorded in the registry of property, and the object of the said legislation was to encourage the development of local credit and facilitate the making of such contracts in favor of landholders having no recordable titles. But it cannot be held that when a property is recorded in the registry of property in the name of a particular person, another person claiming to be a lessee or usufructuary may enter into a contract for advances secured by the products of the land without proving that character and the extent of the same. It might be that the contract securing the ad-

vances with the products of a property held by a tenant as lessee or usufructuary would be incompatible with the duration and terms of the rights granted to the tenant in either of the said conceptions. Hence the necessity that the registrar should ascertain the nature and extent of said rights by examining the instrument creating the lease or usufruct when there is such instrument, as in the present case, and a mere reference thereto is not sufficient. In every case the express assent of the owner of the property to the security offered by the lessee or usufructuary will suffice.

"Act No. 37 itself sustains the foregoing doctrine in providing in section 3 that any landholder, whether as owner, possessor, lessee or usufructuary of rural properties, may enter into a contract for advances for agricultural purposes with a third party, as described in section 1 of said act; but if such landholder is a lessee or other temporary usufructuary, the contract for advances shall not extend beyond the term and conditions attached to the rights of such lessee or usufructuary in and to the land. How is the registrar to know that the lessee or usufructuary has not exceeded the terms and conditions attached to his rights?"

The appellant attempts to distinguish the foregoing case by saying that the property under consideration there was recorded in the name of another person, and that the opinion also seems to say that the object of the presentation of the lease was to see whether the contract of *refacción* exceeded the terms of the lease.

But if the said section 14 be examined, it will be seen that the provisions of the Mortgage Law, so far as not in conflict with the *Refacción* Act, should be applicable to entries and marginal notes made in the registry.

Law No. 37, while it expressly excludes the necessity of previous registration, must, therefore, necessarily include a number of other things, and one of them is that a person claiming to be a tenant must in some way justify his tenancy. This construction is in the interest of the owners, who might otherwise have their own *refacción* contracts impugned by one who alleged he was a tenant. In order words, while we are bound to follow the law, and especially section 14, where it says that a former registration shall not be required, yet

in other respects we feel bound to follow the spirit of the Mortgage Law to protect third persons.

With regard to the suggestion that the decision above quoted only made it necessary to examine the lease to see whether it exceeded its terms, we think it is evident that before any lease could be examined the person presenting such lease must show that he is a tenant. In other words, that there is an existing contract of lease.

Section 3 of the act does provide that where the landholder shall be a lessee the contract of advance shall not extend over the term, and of course the registrar is bound to examine to see whether there is such excess, and the case of the Porto Rican Leaf Tobacco Company, *supra,* holds the presentation of the contract of lease to be indispensable.

The registrar ought to have expressed his refusal a little more amply. We have not considered the question of a lack of title in Práxedes Brignoni, because the question was not before the registrar in the absence of a presentation of the lease.

With respect to the registrar's refusal to record for such lack of title in Práxedes Brignoni, the note must be reversed, but affirmed in regard to the lack of proof of tenancy in Oliver Shaw.

*Affirmed in part.*

Justices del Toro and Hutchison concurred.
Chief Justice Hernández and Justice Aldrey absent.